IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>MIKE HOWELL<br>214 Massachusetts Ave. N.E.<br>Washington, D.C.  20002<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C.  20408<br><br>*Defendant*. | Case No. 23-cv-1148 |

**COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of information from DOJ component the Federal Bureau of Investigation ("FBI") relating to allegations of political biases influencing the administration of justice.

2. Plaintiffs FOIA Request Nos. 1589620-000 and 1589618-000 (Apr. 5, 2023) ("Request" or "Plaintiffs' FOIA Request") specifically sought information relevant to detailed accusations made by a sitting United States Senator and the media that then-Assistant Special

1

Agent in Charge ("ASAC") of the FBI's Washington Field Office ("WFO"), Timothy Thibault, has engaged in improper partisan behavior in the exercise of his official law enforcement duties. Request at 5–14.

3. The Request sought expedited processing because allegations that Thibault impermissibly weaponized the FBI are "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv). FOIA requires an agency to respond in 10 days to a Request for expedited processing. Twenty days later—over *twice* the allowed statutory time—the FBI has failed to even *acknowledge* Plaintiffs' application for expedition. Given the FBI's flagrant failure to comply with FOIA in a case in which there is massive public interest, Plaintiffs have no recourse but to bring this action.

## PARTIES

4. Plaintiff The Heritage Foundation is a Washington, D.C.-based nonpartisan public policy organization with a national and international reputation whose mission is to "formulate and promote public policies based on the principles of free enterprise, limited government, individual freedom, traditional American values, and a strong national defense." Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission (last visited Apr. 25, 2023). Heritage is a not-for-profit IRC Section 501(c)(3) organization which engages in substantial dissemination of information to the public. Heritage operates a national news outlet, *The Daily Signal*.

5. Plaintiff Mike Howell leads the Heritage Foundation's Oversight Project and is an author for *The Daily Signal*. The Oversight Project is an initiative aimed at obtaining information via Freedom of Information Act requests and other means in order to best inform the

public and Congress for the purposes of Congressional oversight. The requests and analyses of information are informed by Heritage's deep policy expertise. By function, the Oversight Project is primarily engaged in disseminating information to the public. Oversight Project, *found at* https://www.heritage.org/oversight (last visited Apr. 25,2023); Twitter, *found at* @OversightPR (last visited Apr. 25, 2023).

6. Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1), whose mission is to "uphold the rule of law, to keep our country safe, and to protect civil rights." About DOJ; Our Mission, *found at* https://www.justice.gov/about#:~:text=The%20mission%20of%20the%20Department,and%20to%20protect%20civil%20rights (last visited April 25, 2023).

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to both 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and pursuant to 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

9. Plaintiffs submitted the Request on April 5, 2023. (Ex. 1).

10. The Request began by setting out serious allegations highlighted by United States Senator Charles Grassley and the news media about the alleged weaponization and politicization of the FBI. In particular, the Request focused on allegations that Thibault, has engaged in

improper partisan behavior in the exercise of his official law enforcement duties. Request at 5-14.

11. The Request sought records related to Thibault's alleged political bias in the exercise of his duties. The Request sought records for the timeframe of January 1, 2015 to the present. In particular, the request sought:

1. All communications containing the terms:
    a. "Missy" OR "Morgan" AND "Tim" OR "Timothy" AND "Thibault"
    b. "Missy" OR "Morgan" AND "whistleblower"
    c. "Thibault" AND "whistleblower"
    d. "Thibault" AND "Grassley"
    e. "@missymorganfit"
2. All communications between Timothy Thibault and the news media.

Request at 1.

12. The Request sought a fee waiver based on the extensive national interest in, and concern over, whether law enforcement has become ideologically weaponized against Americans and to examine credible allegations that Thibault has displayed improper political partisanship in his work. *Id*. at 5.

## THE REQUEST FOR EXPEDITED PROCESSING

13. The Request sought Expedited Processing pursuant to 28 C.F.R. § 16.5(e)(1)(iv), because the allegations against Thibault are "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect

4

public confidence." The factual and legal basis for this application was explained in a 15-page submission.

14. The Request attached three appendices totaling 1,524 pages that included congressional oversight letters and media reports highlighting Thibault's alleged political biases and a report by the House Judiciary Committee on DOJ and FBI politicization. Appendix A-C, *available at* http://thf_media.s3.amazonaws.com/2023/Oversite_Project/Thibault_Appendix_A-C.pdf.

### DEFENDANT'S CONSTRUCTIVE DENIAL OF EXPEDITED PROCESSING

15. The FBI sent two letters to Mike Howell on April 18, 2023 acknowledging receipt of the Request. One letter acknowledged receipt of Specification 1 of the Request and gave Specification FOIPA Request No. 1589620-000. Letter from Joseph E. Bender, Acting Section Chief, Record/Information Dissemination Section to Mike Howell (April 18, 2023) (Ex. 2). The second letter acknowledged receipt of Specification 2 of the Request and gave that Specification FOIPA Request No. 1589618-000. Letter from Joseph E. Bender, Acting Section Chief, Record/Information Dissemination Section to Mike Howell (April 18, 2023) (Ex. 3). Notably, both acknowledgements are dated after April 15, 2023, the date by which the FBI was statutorily required to reply to Plaintiffs' expedited processing application.

16. Neither letter even bothered to acknowledge the Request's application for expedited processing.

17. Both letters advised the Plaintiff's application for a fee waiver is under consideration.

18. Ten days from April 5, 2023 is April 15, 2023.

**FIRST CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

19. Plaintiffs re-allege paragraphs 1–18 as if fully set out herein.

20. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] . . . Administration." Attorney General, Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines, at 4 (Mar. 15, 2022).

21. Plaintiffs properly requested records within the possession, custody, or control of Defendant.

22. Plaintiffs properly asked that FBI expedite the processing of Plaintiffs' Request because the allegations against Thibault are "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(e)(1)(iv).

23. Defendant refused to expedite Plaintiffs' FOIA Request, contrary to the factual and legal showing Plaintiffs made demonstrating their entitlement to expedition.

24. Defendant is in violation of FOIA.

25. Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiffs are being denied information to which they are statutorily entitled to on an expedited basis and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news. Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

26. Plaintiffs have no adequate remedy at law.

27. Plaintiffs are entitled to seek immediate judicial relief for EPA's denial of expedited processing. 5 U.S.C. § 552(a)(6)(E)(iii) ("Agency action to deny . . . a request for expedited processing pursuant to this subparagraph . . . shall be subject to judicial review.") *See, e.g.*, *ACLU v. DOJ*, 321 F.Supp.2d 24, 28–29 (D.D.C. 2004).

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A. Enter a preliminary and permanent injunction compelling Defendant to process Plaintiffs' FOIA Request on an expedited basis.

B. Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C. Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Requests;

E. Retain jurisdiction over this matter as appropriate;

F. Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G. Grant such other and further relief as this Court may deem just and proper.

Dated: April 25, 2023                    Respectfully submitted,


/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 99979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone:  (202) 489-2969
Email:  Roman.Jankowski@heritage.org

DANIEL D. MAULER
(No. 977757)
The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

*Counsel for Plaintiffs*